UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WATER FOR COMMERCE FUND MANAGEMENT, LLC,<br><br>　　Plaintiff,<br><br>　　v.<br><br>REFRESHING USA, LLC, *et al.*,<br><br>　　Defendant. | Case No. 24-2368-DDC-BGS |

## MEMORANDUM & ORDER DENYING
## MOTION FOR THE APPOINTMENT OF RECEIVER

NOW BEFORE THE COURT is Plaintiff's *ex parte* "Motion for the Appointment of a Receiver." (Doc. 4.) For the reasons stated herein, as well as those stated orally by the Court during the hearing on the *ex parte* motion, Plaintiff's motion is **DENIED** without prejudice.

The appointment of a receiver is an extraordinary remedy and is normally limited to situations where fraud, waste, or irreparable injury are occurring. *See First Federal Savings & Loan Ass'n v. Moulds*, 202 Kan. 557, 561–62, 451 P.2d 215, 219–20 (1969); *Browning v. Blair*, 169 Kan. 139, 145, 218 P.2d 233, 238 (1950); *Gage v. First Fed. Sav. & Loan Ass'n of Hutchinson, Kan.*, 717 F. Supp. 745, 750 (D. Kan. 1989). It is within the Court's discretion to appointment of receiver. *Dreymoor Fertilizers Overseas Pte. Ltd. v. AV Agro, LLC*, No. 20-MC-0105-EFM-GEB, 2021 WL 5082288, at *1 (D. Kan. Nov. 2, 2021).

In making this determination, this Court has considered the following factors: "(1) the existence of a valid claim by the moving party; (2) the probability that fraudulent conduct has occurred or will occur to frustrate the claim; (3) imminent danger that property will be lost, concealed, or diminished in value; (4) inadequacy of available legal remedies; (5) lack of a less drastic

equitable remedy; and (6) the likelihood that appointment of a receiver will do more harm than good." *Id.*, at *2.

Courts in this District have also looked to Kansas law to determine whether a receiver should be appointed. *See Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Acme Invs. & Jones Serv., LLC*, No. 23-205- DDC-ADM, 2023 WL 6516412, at *2 (D. Kan. Oct. 5, 2023). Pursuant to K.S.A. §60-1304, a party seeking the appointment of a receiver must specify the general character and probable value of the property for which the appointment is sought, as well as the estimated annual income generated by the property, if known. Notice to opposing counsel and the opportunity to be heard for all interested parties is also necessary "unless the judge shall, after the introduction of evidence and a record of the proceedings is made, make a finding that immediate and irreparable injury is likely to result… ." *Id.* Thus, if such a finding is made, an *ex parte* Order may be entered without the involvement of the opposing party.

In this instance, the Court finds that Plaintiff has not provided specific evidence to establish the likelihood of immediate and irreparable injury. Rather, based on the evidence presented to the Court, which consisted of the Complaint filed in this matter, all injury is speculative in nature.

For these reasons, as well as those stated orally by the Court during the hearing on the *ex parte* motion, Plaintiff's motion (Doc. 4) is **DENIED without prejudice** to refiling once Defendants are given the opportunity to appear and be heard on the issue. Prior to filing any such renewed motion, Plaintiff is required to make a good faith effort to confer with Defendants and/or defense counsel to determine if Defendants will consent to the appointment of a receiver.

IT IS SO ORDERED.

Dated August 29, 2024, at Wichita, Kansas.

/s/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge