## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

WATER FOR COMMERCE FUND )
MANAGEMENT, LLC )
                )
      Plaintiff, )
                )   Case No.  24-2368
                )
                )
REFRESHING USA, LLC; *et al.* )
                )
      Defendants. )

## ORDER APPOINTING RECEIVER

Before the Court is Plaintiff Water for Commerce Fund Management, LLC's ("**Plaintiff**"

or "**Lender**") Renewed Motion for the Appointment of a Receiver (Doc. 27) ("**Motion**") over the

Receivership Collateral, defined below, held by Defendants Refreshing Arizona, LLC, Refreshing

California L.L.C., Refreshing Carolinas LLC, Refreshing Colorado LLC, Refreshing DC, LLC,

Refreshing Florida LLC, Refreshing Georgia LLC, Refreshing Great Lakes, LLC, Refreshing Las

Vegas, LLC, Valley Vending, LLC, Refreshing New England, LLC, Refreshing Texas, LLC,

Refreshing Washington LLC, and Vendpro LLC (collectively, the "**Receivership Defendants**").[1]

Having fully considered the matter, having granted the motion (Doc. 27) by prior Memorandum

& Order (Doc. 38), and in accordance with Fed. R. Civ. P. 66 and 28 U.S.C. §§ 754 and 1692, the

Court Orders as follows:

---

[1]     Plaintiff's initial motion for the appointment of a receiver dated August 20, 2024 (Doc. 4) with accompanying memorandum in support (Doc. 5) included a request for relief against Refreshing USA, LLC. The renewed motion did not seek relief against Refreshing USA, LLC ("**Refreshing USA**"), against whom an involuntary bankruptcy petition was filed in the Southern District of Texas Bankruptcy Court on August 27, 2024, Case No. 24-33919. For the avoidance of doubt, this Order does not include Refreshing USA as part of the Receivership Defendants and no provision of this Order shall impair or interfere with the bankruptcy case of Refreshing USA or the administration of its estate.

1.    The Court appoints Focus Management Group by and through Juanita Schwartzkopf, as receiver ("**Receiver**") to keep, preserve, secure, manage, maintain, operate, and protect the Collateral owned by the Receivership Defendants (the "**Receivership Collateral**").

2.    Effective as of the date of this Order, Receiver shall operate, manage and collect the income now due and unpaid and to become due during the pendency of this receivership issuing from the Receivership Collateral (the "**Profits**") for the benefit of the Receivership Collateral and Plaintiff.

3.    Receiver is accorded all the usual and customary powers accorded a receiver. Effective as of the date of this Order, Receiver has the power to (a) take possession and control of all of the Receivership Collateral; (b) manage and operate the Receivership Collateral; (c) collect and receive all income, profits, revenues, insurance proceeds, receivables, and any other funds related to the Receivership Collateral until the receivership is terminated by this Court; (d) establish and maintain separate accounts with federally-insured banking institutions or savings associations using Receivership Defendants' Tax ID numbers, from which Receiver shall disburse all authorized payments as provided in this Order; (e) institute all legal proceedings necessary for the protection of the Receivership Collateral, or to recover possession of any Receivership Collateral; (f) execute and deliver the documents and instruments as necessary or appropriate to consummate any authorized transactions related to the Receivership Collateral; (g) enter into or terminate any agreements relating to the Receivership Collateral, with the agreement of Plaintiff; (h) obtain insurance for the Receivership Collateral and name Plaintiff as an additional insured and loss payee; and (j) do any acts which the Receiver in its discretion deems appropriate or desirable to protect the Receivership Collateral.

4.      Only with the written approval of Plaintiff, the Receiver may: (a) employ legal counsel, accountants, agents, and other professionals as the Receiver may from time to time deem appropriate on such terms and conditions as the Receiver deems appropriate; (b) contest, protect, or appeal any personal property tax or other tax assessment pertaining to the Receivership Collateral; (c) negotiate agreements and settlements with respect to liens or other encumbrances on the Receivership Collateral or any disputes with vendors or contractors; and (d) reject or terminate any agreement, contract, or lease related to the Receivership Collateral, which arose prior to the appointment of Receiver that may be deemed by the Receiver not to be in the best interest of the estate.

5.      Upon entry of this Receivership Order, Receiver shall have the right and power to lease, market, sell, and or convey, any Receivership Collateral, including the right and power to execute and deliver any and all necessary documents to consummate any lease or sale of the Receivership Collateral, including the right and power to execute and deliver any and all necessary documents to consummate any lease or sale of the Receivership Collateral.  Any sale of Receivership Collateral will be on an "as-is, where is" basis, and without any warranties express or implied, unless otherwise expressly approved by this Court.  Any sale of Receivership Collateral will convey title to the buyer free and clear of any and all liens, claims and encumbrances.

6.      Receivership Defendants shall not oppose, impede, obstruct, hinder, enjoin, delay or otherwise interfere, and will cooperate, to the extent that cooperation is requested and comply with the exercise by the Receiver of any steps taken by the Receiver to market, sell or convey the Receivership Collateral, including without limitation any sale by the Receiver in accordance with the terms of this Receivership Order. Receivership Defendants shall not have the right to participate in the Receiver's actions under this Section and to the extent that the Receiver conducts

a sealed bid process for the sale of the Receivership Collateral, Receivership Defendants shall not have the right to receive the bids or any report thereof unless and until the Receiver has rejected all bids.

7.    Any monthly or single receivership expense of $10,000 or more concerning the Receivership Collateral requires either approval by the Court or written approval by Plaintiff.

8.    Receiver shall be vested with, and Receivership Defendants and their agents shall deliver immediately to Receiver, (a) possession of the Receivership Collateral, including all equipment, supplies, books and records, monies, including petty cash; (b) possession of any and all monies in depositories, banks, brokerages or otherwise arising from or relating to the Receivership Collateral, whether such funds are held in the name of Receivership Defendants or not (but excluding any monies paid to, or held by Plaintiff); (c) all records of accounts payable related to the Receivership Collateral; (d) all records of accounts receivable related to the Receivership Collateral; (e) all documents relating to insurance affecting the Receivership Collateral; (f) all keys, access codes, or other materials necessary to access and control the Receivership Collateral, including computer passwords needed to access accounts and records related to the Receivership Collateral; (f) all documents relating to any licenses or permits maintained and technical manuals for all systems in connection with the Receivership Collateral; (g) documents identifying and summarizing all pending litigation related to the Receivership Collateral and/or against any Borrower impacting the Receivership Collateral (excluding this action); (h) all existing service contracts relating to the Receivership Collateral; (i) an inventory of all equipment or supplies relating to the Receivership Collateral; and (j) any other documents pertaining to the operation or management of the Receivership Collateral, as may be reasonably requested by Receiver.

9.      Receiver shall review the books and records of the Receivership Defendants to identify the Receivership Collateral and shall be authorized to take possession of such Receivership Collateral, by appropriate legal process or otherwise. In the event that there is a dispute or uncertainty as to whether any personal property constitutes Receivership Collateral, then Receiver shall file a motion or other pleading with a court of competent jurisdiction to obtain a determination as to whether such personal property is Receivership Collateral.

10.     In the event that Receivership Collateral is jointly owned by entities other than Receivership Defendants, and unless the Receiver and any such co-owner otherwise agree, then Receiver shall apply to a court of competent jurisdiction for an order which would authorize the Receiver to take possession of, dispose of or liquidate such Receivership Collateral prior to taking possession of any such Receivership Collateral. For the avoidance of doubt, no provision of this Order authorizes Receiver to take possession of or otherwise interfere with property owned by Refreshing USA or any other debtor in bankruptcy, absent (a) an order granting relief from any applicable automatic stay in effect; (b) the abandonment of such property by a trustee, debtor in possession, or otherwise; (c) the dismissal of any such pending bankruptcy case; or (d) any other circumstance that would terminate or annul the automatic stay with respect to such property.

11.     All state or national banking institutions or savings institutions are hereby ordered and directed to follow and adhere to all directions of the Receiver and any employee of the Receiver specifically designated by the Receiver to act on behalf of the Receiver concerning or with respect to any account of the Receivership Defendants.

12.     Receiver is authorized to apply any profits generated by the Receivership Collateral to the necessary and reasonable preservation, operation and management of the Receivership Collateral.  In the event that profits generated by the Receivership Collateral are insufficient to pay

the expenses of the receivership, Receiver may seek an advance from Lender, which advance shall be considered a protective advance under the Revolving Loan. In the event Lender cannot or will not make any such advance, Receiver may seek, and with the approval of Lender or the Court, obtain financing through one or more receiver's certificates with senior repayment priority.

13.     The Receiver, its consultants, agents, employees, legal counsel, and professionals, shall be paid on a monthly basis. Receiver is authorized to pay itself reasonable receiver fees in the hourly amounts set forth in the Motion. Receiver is also authorized to reimburse its reasonable monthly expenses. To be paid on a monthly basis, the Receiver must file a statement of account with the Court and serve a copy on all parties each month for the time and reasonable monthly expenses incurred in the preceding calendar month. If no objection is filed and served on or within ten (10) days following service of the Receiver's statement, such statement of account may be paid. If an objection is timely filed and served, such statement of account shall not be paid absent further order of the Court. In the event objections are timely made to fees and expenses, objected to fees and expenses will be paid within ten (10) days of an agreement among the parties or entry of an order of the Court adjudicating the matter.

14.     Receiver shall apply the profits generated by the Receivership Collateral in the following order and priority:

    a.  On a monthly basis, to the Receiver's fees;

    b.  On a monthly basis, to Receiver's reasonable out-of-pocket expenses directly incurred in its capacity as Receiver;

    c.  The current expenses relating to the Receivership Collateral arising after the date of this Order;

d.   All expenses necessary to maintain, preserve and protect the Receivership Collateral;

e.   Amounts due and payable by Receivership Defendants to Lender, which shall be applied in the order of Lender's sole discretion.

15.   Receiver, upon entering upon its duties, shall file an Oath with the Court and post with the Court a bond in the amount of $10,000. The Court shall retain the bond until further order of the Court.

16.   Receiver shall deposit all monies received by it at the time it receives the same in its name as Receiver in a federally insured bank and no withdrawal shall be made from such account except as directed by the Court or on a draft or check signed by Receiver, subject to and in accordance with this Order, and Receiver shall cause the depository to send monthly statements of deposits in and withdrawals from the account to the attorneys for Plaintiff.

17.   Receiver shall keep and maintain at all times accurate books of accounts and records adequate to reflect the result of Receiver's operation of the Receivership Collateral and copies of all written contracts, leases, or other instruments which affect the Receivership Collateral. Receiver shall make available to Lender and Receivership Defendants complete and accurate books of accounts and records relating to the Receivership Collateral. Receiver shall provide reports of operation on a monthly basis to Lender, Receivership Defendants and the Court.

18.   The liability of Receiver is and shall be limited to the assets of the receivership, and the Receiver and its employees, agents, and attorneys shall have no personal liability, and they shall have no claim asserted against them related to Receiver's duties under this Order, except for claims due to their gross negligence, willful misconduct, malicious acts, and/or the material failure to comply with this Court's orders.

19.    Receivership Defendants are enjoined from interfering with Receiver's possession, operation, and management of the Receivership Collateral.

20.    Receiver and any party hereto may apply to this Court for further or other instructions and for further power necessary to enable the receivership to preserve and protect the Receivership Collateral.

21.    The receivership shall not hinder or prohibit the disposition of the Receivership Collateral by Lender as allowed by applicable law.

22.    The Receiver shall file the report required by Local Rule 66.1 as soon as practicable, but in no event later than thirty (30) days, following the entry of this Order which shall set forth (a) an inventory of all property that it has taken possession of; (b) an inventory of the known property that the Receiver has not ben able to reduce to possession and control; (c) a list of the known liabilities of the estate at the time the report is filed; and (d) a report explaining such inventory.

23.    The Receivership shall terminate upon receipt of Receiver's final accounting and formal discharge by final Order of this Court, or two years after the entry of this Order, whichever is earlier. The initial term of this receivership may be extended by further order of the Court.

SO ORDERED, this 21st day of November, 2024, at Wichita, Kansas.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge